UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CREECH SERVICES, INC.,

    Plaintiff,

v.

MONEY'S FOODS US, INC.,

    Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:04-cv-00815

**ORDER AND JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Dkt. #88). As discussed herein, Plaintiff's motion is **granted in part and denied in part**.

This is a breach of contract action in which the extent of Defendant's liability (not the existence thereof) was disputed. The parties stipulated to the appointment of a Special Master to determine Plaintiff's damages. The Special Master submitted a Report in which he recommended that Plaintiff be awarded $1,000,313.98 in damages. The parties both objected to the Special Master's Report. Pursuant to Federal Rule of Civil Procedure 53, the Court performed a de novo review of the Special Master's recommendations and the objections thereto. As part of its review, the Court conducted an evidentiary hearing (as permitted by Rule 53) on May 15, 2006. On June 28, 2006, the Court entered an Opinion and Order adopting in part and rejecting in part the Special Master's Report and awarding to Plaintiff $830,089.02 in damages. Identifying two alleged errors in the Court's analysis, Plaintiff now moves for reconsideration of the Court's determination.

The applicable standard for resolving a motion for reconsideration is articulated by Local Rule of Civil Procedure 7.4(a) which provides that

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof.

First, Plaintiff asserts that the Court failed to award it the appropriate amount in "rental fee" damages. Plaintiff sought to recover $90,000 in "rental fees" to compensate it for storing the breach-related material. In its previous Opinion, the Court stated that "Plaintiff seeks to recover $90,000 in rental fees to store the breach-related material on its *new* concrete pad." (emphasis added). As Plaintiff correctly asserts, however, it is instead seeking to recover rental fees for having been compelled to store the material in question on its *old* concrete pad. (Dkt. #83, 86, 88).

As stated previously, Plaintiff is entitled to recover "rental fee" damages in the amount of six percent of the cost to construct the pad on which the material was stored. However, because the Court based its calculation on the cost to construct the *new* pad rather than the *old* pad, the amount which the Court awarded to Plaintiff in rental fee damages ($55,123.97) was incorrect. As the evidence revealed, it cost Plaintiff 1.46 million dollars to construct the *old* concrete pad. Accordingly, Plaintiff is instead entitled to $87,600 in rental fee damages, which amounts to an additional $32,476.03. Accordingly, this portion of Plaintiff's motion shall be granted.

Plaintiff also sought to recover $200,000 in incidental damages due to lost compost sales. The Court rejected this claim on the ground that such were not properly characterized as incidental damages under Michigan law. Specifically, the Court concluded that the alleged losses "were not

incurred by Plaintiff incident to the care, custody, or transportation of the material in question" and did not "flow directly from Defendant's breach or the parties' relationship as buyer-seller, but instead were reasonably foreseeable losses incurred by an altogether separate division of Plaintiff's enterprise resulting only indirectly from Defendant's breach." *See Sullivan Industries, Inc. v. Double Seal Glass Co., Inc.*, 480 N.W.2d 623, 630-31 (Mich. Ct. App. 1991); *United States v. Reifler*, 446 F.3d 65, 108 (2d Cir. 2006).

Plaintiff challenges the Court's analysis on this particular issue, but in so doing simply raises the same arguments previously (and unsuccessfully) asserted. Such does not constitute a "palpable defect" sufficient to warrant the relief sought. Moreover, the Court has carefully reconsidered its determination on this particular issue and concludes that its previous decision is consistent with applicable legal authority. Accordingly, this portion of Plaintiff's motion shall be denied.

In conclusion, as articulated herein, Plaintiff's motion for reconsideration is **granted in part and denied in part**. The Court's previous Order and Judgment, (dkt. #85), is hereby **VACATED** and consistent with the Court's previous Opinion, as modified herein, the Special Master's Report and Recommendation is **adopted in part and rejected in part**. Plaintiff is hereby awarded Eight Hundred Sixty-Two Thousand Five-Hundred Sixty-Five Dollars and Five Cents ($862,565.05) in damages.

**IT IS SO ORDERED**.

Date: October 20, 2006        /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge